# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 96-10418
Summary Calendar

ERIC AGRAMONTE,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA; BUREAU OF PRISONS,

Defendants-Appellees.

Appeal from the United States District Court
For the Nothern District of Texas

(3:94-CV-2015-G)

January 23, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

The appellant, Eric Agramonte, asks this Court to reverse the district court's exclusion of an expert witness for failure to comply with the court's Rule 16(b) scheduling order in this action brought against the United States under the Federal Tort Claims Act. Further, Agramonte requests that we reverse the court's grant of summary judgment for the defendant. For the reasons that

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

follow, we AFFIRM.

We review an order striking an untimely witness designation and precluding testimony from that witness for abuse of discretion.[1] Orders granting summary judgment are reviewed *de novo*.[2]

We have clearly defined the factors to be considered in evaluating whether testimony should be stricken for failure to comply with a district court's order regarding witness identification.[3] The order of the district court in this case reflects a careful consideration of these factors and a sound decision. Because we find no abuse of discretion, the district court's order excluding the plaintiff's expert witness is affirmed.

Under the Federal Tort Claims Act, liability for medical malpractice is controlled by state law.[4] Texas tort law "places the burden of proof on the plaintiff to establish by expert testimony that the act or omission of the defendant physician fell below the appropriate standard of care and was negligent".[5] Thus, under Texas law, Agramonte cannot prevail in this action absent expert testimony. Because such testimony was properly excluded, summary judgement was appropriate.

**AFFIRMED**.

---

[1]     *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

[2]     *Weyant v. Acceptance Ins. Co.,* 917 F.2d 209, 212 (5th Cir. 1990).

[3]     *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1288 (5th Cir. 1991); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989).

[4]     *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985) (citing *United States v. Muniz*, 374 U.S. 150, 152-153 (1963).

[5]     *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1020 (5th Cir.), cert denied, 508 U.S. 956 (1993); See also *Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex. 1988) (affirming directed verdict when no medical expert offered testimony showing reasonable medical probability of proximate causation).

2